(C.D. 3814)

RENE D. LYON CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 30, 1969)

*Serko & Sklaroff* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before Watson, Maletz, and Re, Judges

Re, Judge: The subject importations, described on the invoices as "abrasive sponges", and covered by the protests enumerated in the schedule attached to and made a part of the decision herein, were classified by the appropriate customs officials as manufactures wholly or in chief value of a product of which synthetic resin is chief binding agent, under paragraph 1539(b) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as pertaining to entries made between July 1, 1956 and June 30, 1957, and were assessed with duty at the rate of 23 cents per pound plus 19 per centum ad valorem.

It is the contention of plaintiff that said importations should properly have been classified as articles in chief value of an earthy or mineral substance, not decorated in any manner, under paragraph 214 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, for which duty at the rate of 15 per centum ad valorem is provided.

By a Submission on Agreed Statement of Facts of the parties hereto it has been agreed that the imported items marked "A" and initialed JJT by Import Specialist John J. Tracy on the invoices accompanying the entries covered by said protests consist of articles in chief value of silica, an earthy or mineral substance, and not a product of which synthetic resin is the chief binding agent, and said merchandise is not decorated in any manner.

Upon the Submission on Agreed Statement of Facts, we hold that the importations marked and initialed as aforesaid should properly have been classified as articles in chief value of an earthy or mineral substance, "not decorated in any manner . . . other", under paragraph 214 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and subjected to duty at the rate of 15 per centum ad valorem. That claim in the protests is therefore sustained. As to all other importations and all other claims, the protests are overruled.

It is hereby Adjudged and Ordered: that the regional commissioner of customs at the port of New York will reliquidate the entries accordingly.